**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent/Plaintiff, ) | Case No.: 2:15-cr-00239-GMN-VCF-1 |
| vs. ) | |
| ) | **AMENDED ORDER**[1] |
| MARCELINO VAZQUEZ-FLORES, ) | |
| ) | |
| Petitioner/Defendant. ) | |
| ) | |

Pending before the Court is Petitioner Marcelino Vazquez-Flores ("Petitioner's") Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 ("2255 Motion"), (ECF No. 42). The Government filed a Response, (ECF No. 49). Petitioner did not file a reply. For the reasons discussed below, the Court **DENIES** Petitioner's Motion.

**I.     BACKGROUND**

On September 7, 2016, Petitioner pleaded guilty to Counts One, Two, Five, and Six of the Indictment: two counts of Illegal Alien in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(5)(A) and 924(a)(2), and two counts of Distribution of a Controlled Substance, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(viii), and (b)(1)(C). (Mins. Proceedings, ECF

---

[1] The Amended Order solely clarifies a sentence in the Discussion regarding Petitioner's knowledge of his unlawful status. (*See* Am. Order 6:24–7:2). The previous Order stated that "the three admissions demonstrated that Petitioner knew, 'by uncontroverted evidence,' of his unlawful status at prosecution." (Order 6:18–20, ECF No. 50). Because *Rehaif* requires knowledge of unlawful status at the time the defendant possessed the firearm, this Amended Order clarifies that Petitioner's admission during arrest demonstrates that Petitioner knew his unlawful status, not his admissions at the hearings. The Amended Order further clarifies that Petitioner knew his status at the time he possessed the firearm, not merely "at prosecution."

This clarification, however, does not alter the outcome of this case. Petitioner ultimately admitted to knowing his unlawful status when he possessed a firearm and thus, requiring the Government to prove the additional *Rehaif* element would likely not have altered Petitioner's willingness to plea.

No. 31); (Plea Agreement 2:6–10, ECF No. 32). The Court sentenced Petitioner to 60 months-custody per count as to Counts One, Two, Five, and Six, concurrent to one another and concurrent to the sentence in Petitioner's state court case. (Am. J., ECF No. 41).

In June 2019, the Supreme Court issued its decision in *Rehaif v. United States*, which overruled longstanding Ninth Circuit precedent regarding the *mens rea* element under 18 U.S.C. §§ 922(g) and 924(a)(2). *Rehaif*, 139 S.Ct. 2191, 2200 (2019). Now, in a prosecution under 18 U.S.C. §§ 922(g) and 924(a)(2), not only must the Government prove that "the defendant knew that he possessed a firearm, [but also] that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Id*.

On January 31, 2020, Petitioner filed this instant Motion, challenging the validity of his sentence in light of *Rehaif*. (2255 Mot. at 14, ECF No. 42). Specifically, Petitioner requests appointment of counsel to assist him, and that his convictions under Counts One and Two be vacated. (*Id*. at 4).

## II.  LEGAL STANDARD

Under 28 U.S.C. § 2255, a petitioner may file a motion requesting the sentencing Court to vacate, set aside, or correct his sentence. 28 U.S.C. § 2255(a). Such a motion may be brought on the following grounds: "(1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack." *Id*.; *see United States v. Berry*, 624 F.3d 1031, 1038 (9th Cir. 2010). "[A] district court may deny a Section 2255 motion without an evidentiary hearing only if the movant's allegations, viewed against the record, either do not state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal." *United States v. Burrows*, 872 F.2d 915, 917 (9th Cir. 1989).

## III. DISCUSSION

In his Motion, Petitioner asserts that he is entitled to relief because: (1) his Petition is timely, and (2) the Government failed to demonstrate that Petitioner knew he was illegally in the United States. (2255 Mot. at 1, 17). In its Response, the Government argues that Petitioner waived his claims as a procedural matter because Petitioner failed to raise the claims on direct appeal, and additionally, fails to demonstrate both cause and actual prejudice to excuse his failure to directly appeal. (Resp. 2255 Mot. 2:2–4, ECF No. 49).[2]

### A. Procedural Default

Petitioner claims that he is entitled to relief because the Government failed to prove that Petitioner knew he was undocumented when prosecuting him for being an illegal alien in possession of a firearm, in violation of 18 U.S.C. 922(g)(5)(A) and 924(a)(2). (2255 Mot. at 14). The Government, however, asserts that Petitioner's Motion is procedurally improper because Petitioner cannot show both cause and prejudice as is required when a petitioner fails to directly appeal prior to filing a petition under 28 U.S.C. § 2255. (Resp. 2255 Mot. 5:20–6:3).

When a petitioner fails to raise a legal argument on direct appeal, the "procedural default" rule bars collateral review under 28 U.S.C. § 2255. *See Massaro v. United States*, 538 U.S. 500, 504 (2003). The two noted exceptions to this rule are when a petitioner can show both cause and prejudice, or "actual innocence." *Id.*; *United States v. Ratigan*, 351 F.3d 957, 962 (9th Cir. 2003). If the petitioner cannot demonstrate cause and prejudice, he must prove "actual innocence," meaning "that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 327 (1995); *Alaimalo v. United States*, 645 F.3d 1042, 1047 (9th Cir. 2011) ("A petitioner is actually innocent when he was convicted for conduct not prohibited by law.").

---

[2] The Court finds that Petitioner's Motion is timely because Petitioner filed the Motion within one year of the *Rehaif* decision. *See* 28 U.S.C. §§2255(f)(4). The Government does not contest the timeliness of Petitioner's Motion. (Resp. 2255 Mot. 4:12–14).

i. Cause

The Government first argues that Petitioner cannot demonstrate cause to excuse his failure to raise his present argument during prosecution or on appeal. (Resp. 2255 Mot. 6:5–20). Though some courts initially rejected the need to show knowledge of the firearm-holder's prohibited status (the "*Rehaif* argument"), the Government claims that Petitioner should have and could have raised the *Rehaif* argument on direct appeal like the defendant in *Rehaif* who ultimately prevailed before the Supreme Court. (*Id*. 7:2–6). Because *Rehaif* was not a novel argument at the time, the Government asserts that Petitioner cannot demonstrate cause to excuse his failure to directly appeal. (*Id*. 7:5–6).

To demonstrate cause, a petitioner must show "that some objective factor external to the defense impeded [his] efforts to raise the [barred] claim." *Murray v. Carrier*, 477 U.S. 478, 479 (1986). "Objective factors that constitute cause include interference by officials that makes compliance with the State's procedural rule impracticable, and a showing that the factual or legal basis for a claim was not reasonably available to counsel." *McCleskey v. Zant*, 499 U.S. 467, 493–94 (1991) (internal quotations omitted). A claim is not reasonably available if it "overturn[s] a longstanding and widespread practice to which [the Supreme] Court has not spoken, but which a near-unanimous body of lower court authority has expressly approved." *Reed v. Ross*, 468 U.S. 1, 17 (1984). (quotation omitted).

The Supreme Court in *Rehaif* effectively overturned a "near-unanimous body of lower court authority" regarding the knowledge requirement under 18 U.S.C. § 922(g). *Id*  Prior to the Supreme Court's holding in *Rehaif*, the Ninth Circuit held that "no *mens rea* [was] required for the felon status element of the felon in possession statute." *See U.S. v. Enslin*, 327 F.3d 788, 798 (9th Cir. 2003). Contrary to the Government's assertion that *Rehaif* was not novel, the Court in similar cases found that *Rehaif* constituted a novel issue such that the petitioner has cause for failure to raise the claim. *See United States v. Williams*, No. 3:16-CR-00086-MMD-

WGC-1, 2020 WL 7059582 (D. Nev. Dec. 2, 2020); *United States v. Abundis*, Case No. 2:18-cr-00158-MMD-VCF-1, 2020 WL 7029892 (D. Nev. Nov. 30, 2020); *United States v. Davis*, No. 2:18-CR-33 JCM (VCF), 2020 WL 5517653, at *3 (D. Nev. Sept. 14, 2020). Accordingly, because *Rehaif* overturned a long-standing practice regarding 18 U.S.C. § 922(g), the Court finds that Petitioner has demonstrated cause to excuse his failure to directly appeal.

    ii. <u>Prejudice</u>

In addition to showing cause, Petitioner must also demonstrate that he was prejudiced by the Government's alleged error in light of *Rehaif*. *See Massaro*, 538 U.S. at 504. The Government argues that Petitioner cannot demonstrate prejudice because Petitioner knew and admitted to knowing his unlawful status on three separate occasions. (Resp. 2255 Mot. 8:16–18). Accordingly, the Government claims that Petitioner was not prejudiced by the Government's failure to prove Petitioner's knowledge of his immigration status in his underlying claim. (*Id.*)

To demonstrate prejudice, a defendant must show "a reasonable probability that his conviction or sentence would have been different." *United States v. Lopez*, 577 F.3d 1053, 1060 (9th Cir. 2009) (quoting *Stickler v. Green*, 527 U.S. 263, 296 (1999)). In the context of a guilty plea, prejudice requires that a petitioner demonstrate "a reasonable probability that, but for [the] errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). "The actual prejudice prong of the procedural default analysis requires a petitioner show 'not merely that the errors created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire proceedings with error of constitutional dimensions.'" *United States v. Abundis*, No. 2-18-CR-00158-MMD-VCF-1, 2020 WL 7029892, at *5 (D. Nev. Nov. 30, 2020) (citing to *Murray v. Carrier*, 477 US at 478, 488 (1986)).

In a recently issued decision, the Ninth Circuit in *United States v. Singh* held that the defendant there failed to demonstrate that the *Rehaif* error "seriously affected his substantial rights . . . [to] warrant correction" of his § 922(g) conviction. *Singh*, 979 F.3d 697, 707 (9th Cir. 2020). Because the defendant did not contest testimony at trial regarding his knowledge of his unlawful status, the Court found that the defendant knew "by uncontroverted evidence" that he was "admitted to the United States under a nonimmigrant visa." *Id*. at 707, 729. There was, therefore, "no reasonable probability 'the jury's verdict would have been different had the jury been properly instructed [of the omitted *Rehaif* element].'" *Id*. at 728 (citing to *United States v. Teague*, 722 F.3d 1187, 1192 (9th Cir. 2013) (internal quotation marks and citations omitted)). Accordingly, the Court held that the defendant failed to demonstrate that Government's failure to prove knowledge prejudiced his underlying criminal proceeding. *Id*.

Here, Petitioner not only failed to contest his unlawful status like the defendant in *Singh*, but further admitted on three separate occasions that he was unlawfully in the United States. In June 2015, when the officers stopped Petitioner for allegedly casing an apartment complex and then failing to use his turn signal, Petitioner voluntarily declared that he was in the United States illegally. (PSR ¶ 28). Petitioner also admitted to his unlawful status at his Change of Plea and Sentencing Hearings. At Petitioner's Change of Plea Hearing on September 7, 2016, the Court asked Petitioner, "Did you have authorization to be in the United States?" (Transcript Change of Plea 20:3–4, ECF No. 46). Petitioner responded, "No." (*Id*. 20:5). During Petitioner's Sentencing on December 15, 2016, the Court asked if "there was any information in [the] Presentence Report that [Petitioner thought was incorrect]." (Transcript Sentencing 4:2–4, ECF No. 47). Petitioner responded, "No" and thereby affirmed his admissions in his Sentencing Memorandum in which he stated that "he was only six-years-old when he was brought to this country." (*Id*. 4:5); (Sentencing Memorandum 5:5–6, ECF No. 36). While Petitioner's admissions during the hearings are instructive, Petitioner's admission during his

1 arrest demonstrates that Petitioner knew, "by uncontroverted evidence," of his unlawful status 2 at the time he possessed the firearm. *Singh*, 979 F.3d at 729.  Requiring the Government to 3 prove the additional *Rehaif* element, therefore, would not have altered Petitioner's ultimate 4 conviction, sentence, or willingness to plea. *See Hill*, 474 U.S. at 59.  Accordingly, because 5 Petitioner fails to show prejudice and further fails to allege actual innocence, the Court denies 6 the Petitioner's Motion.

7 **B.  Certificate of Appealability**

8 To proceed with an appeal of this Order, the Court must issue a certificate of 9 appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski*, 10 435 F.3d 946, 950–51 (9th Cir. 2006); *see also United States v. Mikels*, 236 F.3d 550, 551–52 11 (9th Cir. 2001).  This means that Petitioner must make "a substantial showing of the denial of a 12 constitutional right." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). 13 He bears the burden of demonstrating that the issues are debatable among jurists of reason; that 14 a court could resolve the issues differently; or that the questions are adequate to deserve 15 encouragement to proceed further. *Slack*, 529 U.S. at 483–84.

16 The Court has considered the issues raised by Petitioner with respect to whether they 17 satisfy the standard for issuance of a certificate of appealability, and determines that the issues 18 do not meet that standard.  The Court therefore denies Petitioner a certificate of appealability.

19 //
20 //
21 //
22 //
23 //
24 //
25 //

IV. **CONCLUSION**

**IT IS HEREBY ORDERED** that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, (ECF No. 42), is **DENIED**.

**IT IS FURTHER ORDERED** that a Certificate of Appealability is **DENIED**.

**DATED** this __23__ day of December, 2020.

_____
Gloria M. Navarro, District Judge
United States District Court